FILED
SEP - 8 2006
SEP - 8 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| JERLINE KING<br>15835 Woodbridge Avenue<br>Harvey, IL 60426<br>　　　　Plaintiff<br><br>vs.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>210 S. Canal Street<br>Chicago, IL 60606<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>JURY TRIAL DEMANDED<br><br>06CV4875<br>JUDGE HOLDERMAN<br>MAG. JUDGE COLE |

### COMPLAINT

1. The Plaintiff, Jerline King, is a competent adult individual residing at 15835 Woodbridge Avenue, Harvey, Illinois 60426.

2. The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 210 S. Canal Street, Chicago, Illinois 60606.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

4. At all times material hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois and other states of the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants,

workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of her employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. The Plaintiff has been employed by the Defendant from March 1999 through and including the present as a train attendant and while working within the scope of her employment in the Chicago, Illinois area was exposed to excessive and harmful cumulative trauma to her knee, hip and leg due to repetitive motion and vibration, with which she performed her work for the Defendant.

9. Less than three years before this action was filed, Plaintiff discovered that she suffered from occupational injuries as a result of repetitive occupational trauma to her knee, hip and leg which required surgery and treatment, and until such time, Plaintiff was reasonably ignorant as to same.

10. The injuries and disabilities of the Plaintiff were caused and/or contributed to by the exposure to excessive repetitive trauma to her lower extremities while working for the Defendant.

11. The aforesaid injuries were caused and/or contributed to in whole or in part by the negligence, carelessness and recklessness of the Defendant, its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

(a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers Liability Act, 45 U.S.C. §§51-60;

(b) in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to her knee, hip and leg;

(c) in failing to provide Plaintiff with adequate assistance to safely perform her assigned task.

(d) in failing to provide Plaintiff with adequate equipment to safely perform her assigned task.

(e) in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the knee, hip and leg; and failing to take appropriate action, including advising Plaintiff as to the test results;

(f) in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around repetitive trauma to her knee, ship and leg;

(g) in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to her knee, hip and leg when it knew of the risks thereof;

(h) in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(i) in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the knee, hip and leg;

(j) in negligently failing to provide the Plaintiff with protective equipment designed to protect her from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the knee, hip and leg;

(k) in negligently failing to employ safe working practices;

(l) in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the knee, hip and leg;

(m) in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

(n) in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

  (o) in negligently failing to monitor the Plaintiff's work habits to determine if her work activities placed her at risk of suffering a repetitive trauma injury; and,

  (p) in negligently failing to use due care and caution required under the circumstances.

12. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to her usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which may and probably will continue in the future.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

15. As a direct result of the Defendant, its agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury to her knee, hip and leg.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED THOUSAND DOLLARS, ($100,000.00).

Plaintiff demands trial by jury.

|  |  |
|---|---|
|  | HANNON & PALERMO |
| Dated: September 7, 2006     BY: | _____<br>GREGORY JOHN HANNON, ESQ.<br>The Public Ledger Bldg. - Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA 19106<br>(888) 222-3352<br>Attorney for Plaintiff |
|  | DICKER & DICKER |
| Dated: September 7, 2006     BY: | _____<br>STEVEN M. DICKER, ESQ. #52742<br>300 W. Adams Street<br>Suite 330<br>Chicago, IL 60606<br>(312) 853-3485<br>Local Counsel for Plaintiff |